IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JESSICA GANNUSCIA,<br><br>   Defendant. | **ORDER GRANTING JOINT MOTION TO CONTINUE JURY TRIAL AND EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION**<br><br>Case No.   2:24-CR-00157-TS-2<br><br>Honorable Judge Stewart |

Based on defendants' stipulated joint motion to continue the four-day jury trial currently scheduled to begin November 12, 2024, for an additional 180 days and to reset the motion deadline accordingly in the above-entitled case, pursuant to 18 U.S.C. § 3161(h)(7)(A) and DUCrimR 12-1(I), and for good cause, the Court finds:

1. The triggering date for Speedy Trial Act purposes is June 4, 2024, the date of arraignment. Trial was initially set for August 12, 2024, which was within the 70-day time period.

2. This is the second continuance requested in this case.

3. Defendants are not in custody.

4. The extension of time is being requested for the following reasons: The charges in this case are related to the allegations in the case of United States v. Bawden et al, Case No. 2:22-cr-00481-DBB, which was filed before this case and is pending before Judge Barlow. Defendants Jessica Gannuscia and Phillip Gannuscia are also defendants in that case. The Bawden Case is scheduled for a four-week jury trial scheduled to begin on or about March

1

28, 2025. Counsel is seeking a continuance of the trial in this case until after the trial occurs in the Bawden Case

5. Counsel for the United States, Brent Andrus, stipulates to this request. Defense counsel for the co-defendant, Matthew R. Lewis, joins this motion.

6. Counsel has spoken with the defendant regarding this motion, and the defendant agrees to the extension. The defendant understands and agrees that the time elapsing between the filing of this motion and the new trial date will not be included in the calculation of the elapsed time under the Speedy Trial Act.

7. Defendant seeks a continuance under 18 U.S.C. § 3161(h)(7)(A), which excludes certain periods of time in calculating the 70 days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. *Id*. The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> U.S.C. § 3161(h)(7)(B)(i-ii).

8. Based on paragraphs 1-7 above, the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial and a continuance is justified.

9. No parties will suffer any prejudice if this case is delayed.

10. The length of the requested delay is not less than 180 days, from November 12, 2024 until May 13, 2025.

11. The defendants will also need additional time to file motions in this case. The defendants are seeking a new motion date roughly 30 days before the new trial date.

12. For purposes of computing the date under the Speedy Trial Act by which the defendant's trial must commence, the defendant agrees that the time period between the filing of this motion to the new trial date, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(ii), because the delay results from a continuance granted by the Court at the defendant's request, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

Based on the foregoing findings, the Court grants the motion and will exclude the period of delay under the Speedy Trial Act.

It is hereby ORDERED that the four-day jury trial previously scheduled to begin November 12, 2024, is hereby continued to May 12, 2025. Accordingly, the time between the filing of the motion, November 25, 2024, and the new trial date set forth above is excluded from computation under the Speedy Trial Act as described in 18 U.S.C. § 3161.

DATED this 25th day of November, 2024.

BY THE COURT:

_____
TED STEWART
United Stated District Judge